USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT INGRAM,

                Movant,

- V. -

UNITED STATES OF AMERICA,

                Respondent.

**ORDER**

13 Civ. 6613 (PGG) (KNF)

07 Cr. 961-5 (LBS)

PAUL G. GARDEPHE, U.S.D.J.:

On September 17, 2013, pro se Petitioner Robert Ingram filed this habeas corpus petition pursuant to 28 U.S.C. § 2255, seeking to set aside his conviction for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Dkt. No. 1) Ingram claims that

> (1) "he was sentenced under a version of the U.S. Sentencing Guidelines Manual that was promulgated after he committed his crime[,] which increased the applicable range of incarceration in violation of the Ex Post Facto Clause," and his trial and appellate counsel rendered ineffective assistance when they did not object to this error (id. at 4-5[1]);
>
> (2) "his sentence was predicated on the basis of inaccurate information in violation of the Fifth Amendment Due Process Clause of the Constitution," and his trial counsel rendered ineffective assistance in advising him that "in economic crimes there is no real difference between six million and seven million in terms of the length of a sentence" (id. at 6-7);
>
> (3) he is "actual[ly] innocent" of the charged offense (id. at 10); and
>
> (4) "there are clerical errors in the Judgment and Commitment Order dated October 4, 2010," and his trial and appellate counsel rendered ineffective assistance in failing to address these errors. (Id. at 13-14).

On October 15, 2013, this Court referred the matter to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation ("R & R"). On December 31, 2013, the

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

Government filed an opposition to Ingram's petition. (07 Cr. 961, Dkt. No. 282)[2] On March 18, 2014, Ingram filed a reply (Dkt. No. 14), and on November 17, 2014, Ingram filed a supplemental reply. (Dkt. No. 21) In his supplemental reply, Ingram states that he "voluntarily and without reservations" withdraws all of his claims except "his claim of actual innocence of the charged offense." (Pet. Supp. Reply Br. (Dkt. No. 21) at 2)

On December 23, 2014, Magistrate Judge Fox issued an R & R recommending that this Court deny Ingram's petition in its entirety. (Dkt. No. 23) On January 21, 2015, Ingram filed objections to the R & R. (Dkt. No. 24)

For the reasons stated below, this Court will adopt the portion of the R & R that rejects Ingram's claim of actual innocence, and will deny Ingram's petition in its entirety.

## BACKGROUND

On September 8, 2008, Ingram was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. See Indictment S1 07 Cr. 961 (Dkt. No. 38), Count Two. On April 8, 2010, Ingram pleaded guilty before the Honorable Leonard B. Sand. (Plea Tr. (07 Cr. 961, Dkt. No. 108)) During his allocution, Ingram admitted that he and others participated in a fraudulent scheme to induce approximately 50 victims to invest in what Ingram falsely represented was a high-yield investment opportunity. (Id. at 11-13) Ingram further admitted that, as part of this fraudulent scheme, he induced victims to wire transfer funds from their bank accounts to Ingram's bank account. (Id.) ("[t]he investors did send me the funds by bank wire from their bank to my bank")

---

[2] The Government's opposition was filed on the docket of the underlying criminal case, United States v. Bowen et al., No. 07-00961 (LBS).

On September 28, 2010, Judge Sand sentenced Ingram to 144 months' imprisonment and three years of supervised release. (Judgment (07 Cr. 961, Dkt. No. 127))

Ingram filed a notice of appeal on October 6, 2010. (07 Cr. 961, Dkt. No. 129) In his appeal, Ingram argued that (1) his sentence was procedurally and substantively unreasonable, because the district court incorrectly imposed the "vulnerable victim" enhancement under U.S.S.G. § 3A1.1(b)(1), and did not consider Ingram's arguments for a below-Guidelines sentence; and (2) his trial counsel rendered ineffective assistance by failing to move for dismissal under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), because an Arizona administrative proceeding was pending against Ingram when the federal prosecution commenced. <u>United States v. Ingram</u>, 490 F. App'x 363, 364-65 (2d Cir. 2012) (summary order). On October 2, 2012, the Second Circuit affirmed the judgments of the District Court. (<u>Id.</u>; Mandate of U.S.C.A. (07 Cr. 961, Dkt. No. 197) at 2-3)

## I. INGRAM'S PETITION AND THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

As noted above, although Ingram's petition presents four grounds for relief, he has withdrawn all but his actual innocence claim. <u>See</u> Petition (Dkt. No. 1) at 4-16; Pet. Supp. Reply Br. (Dkt. No. 21) at 2.

In support of this claim, Ingram states that his conviction was based on "investors sen[ding] him funds by bank wire," which is a type of electronic funds transfer. (Petition (Dkt. No. 1) at 11) Ingram argues that "his conduct was not unlawful" because "wire fraud **does not include** an electronic funds transfer." (<u>Id.</u>) (emphasis in original) In support of this argument, Ingram cites the definition of an "electronic communication" as set forth in 18 U.S.C. 2510, which applies to the interception of oral, wire and electronic communications. (<u>Id.</u>) Section 2510 states that "'electronic communication'. . . does not include . . . electronic funds transfer

3

information stored by a financial institution in a communications system used for the electronic storage and transfer of funds." 18 U.S.C. § 2510(12)(D). In his reply brief, Ingram also asserts that his wire fraud conviction cannot be predicated on electronic funds transfers, because investors do not have property rights in electronic funds transfers. (Pet. Reply Br. (Dkt. No. 14) at 13-18)

Judge Fox rejected Ingram's claim of actual innocence, finding that "[w]ire transfers from the victims' bank accounts to the defendant's bank accounts form a proper basis for a wire fraud conspiracy conviction." (R & R (Dkt. No. 23) at 13) Judge Fox also noted that Ingram's property rights argument – raised for the first time in his reply brief – could not be considered. (Id. (citing Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."))) Judge Fox recommended that Ingram's petition be denied. (Id. at 14)

## II. PETITIONER'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

In his objections to the R&R, Ingram repeats the arguments made before Judge Fox. Ingram continues to maintain that his wire fraud conviction cannot be premised on his victims' wire transfers of funds to his account, because (1) 18 U.S.C. 2510(12)(D) excludes from its definition of "electronic communication" electronic fund transfer information maintained by a financial institution; and (2) investors do not have property rights in electronic funds transfers. (Pet. Obj. (Dkt. No. 24) at 3-5) With respect to Judge Fox's finding that Ingram's "property rights" argument was improperly raised for the first time in his reply brief, Ingram claims that the "property rights" argument merely expanded upon his original claims. (Id. at 5-7)

4

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of a Magistrate Judge's R & R

In reviewing a Magistrate Judge's R & R, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, objections have been made to the Magistrate Judge's recommendations, "[the district court judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Razo v. Astrue, 2008 WL 2971670, at *3 (S.D.N.Y. July 31, 2008) (citing Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991)). However, "the phrase de novo determination in section 636(b)(1), as opposed to de novo hearing, was selected by Congress 'to permit whatever reliance a district judge, in the exercise of sound judicial discretion, cho[oses] to place on a magistrate's proposed findings and recommendations.'" Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (quoting United States v. Raddatz, 447 U.S. 667, 676 (1980) (emphasis in original)). Further, "'to the extent . . . that the [objecting] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error.'" DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (quoting IndyMac Bank, FSB v. Nat'l Settlement Agency, Inc., 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008)).

As to pro se parties – although their "objections . . . are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest'" – "even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at

5

particular findings in the [M]agistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. at 340 (citations omitted).

## B. Scope of Habeas Review

"A motion under § 2255 is not a substitute for an appeal." United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); accord Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998). Rather, it is a "collateral attack on a final judgment" that generally affords relief "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

"Because collateral challenges are in 'tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack.'" Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (quoting Ciak v. United States, 59 F.3d 296, 301 (2d Cir. 1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002)). One such rule "prevents [Section 2255] claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice." Yick Man Mui, 614 F.3d at 54. "An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." (citation omitted)). "The '"cause" under the cause and prejudice test must be something external to the petitioner, something that

6

cannot be fairly attributed to him.'" Viera v. United States, 832 F. Supp. 2d 222, 227 (E.D.N.Y. 2011) (quoting Coleman v. Thompson, 501 U.S. 722, 752 (1991)) (emphasis in Coleman).

## II.   ANALYSIS

Having not raised on direct appeal the instant claim concerning the scope of the wire fraud statute, Ingram seeks to avoid his procedural default by contending that the "actual innocence" exception applies. See Thorn, 659 F.3d at 231. Ingram's argument that the wire transfers at issue here cannot serve as the basis for his wire fraud conviction finds no support in the law, however.

As an initial matter, the wiretapping statute – 18 U.S.C. § 2510 – has no application here. That statute addresses the interception of oral, wire and electronic communications. It does not address the requirements for a conviction of wire fraud conspiracy under 18 U.S.C. § 1349, and the definition provided for "electronic communication" in 18 U.S.C. 2510(12)(D) is irrelevant here.

18 U.S.C. § 1349 provides that any person who conspires to commit wire fraud is subject to the same penalties applicable to a substantive wire fraud conviction. 18 U.S.C. § 1349. The substantive wire fraud provision, 18 U.S.C. § 1343, provides that

> [w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343. During his allocution, Ingram admitted that he participated in a fraudulent scheme in which he and others bilked fifty investors by falsely promising to put their money into a high-yield investment. (Plea Tr. (07 Cr. 961, Dkt. No. 108) at 11-13) As part of this scheme, Ingram induced these investors to wire transfer funds from their bank accounts to Ingram's bank

7

account. (Id. at 11-12) Ingram now claims that such wire transfers do not fall within the wire fraud statute. (See Petition (Dkt. No. 1) at 11-12) Ingram's argument is misguided.

It is well established that a fraud victim's wire transfer of funds – induced by a participant in the fraud and transmitted to the fraudster's bank account in furtherance of the fraud – is a use of the wires that may serve as a predicate for a wire fraud conviction. See, e.g., United States v. Vilar, 729 F.3d 62, 94-95 (2d Cir. 2013) ("'use of the mail or wires to obtain the proceeds [of fraud] satisfies the jurisdictional element,' which is to say that the jurisdictional element is fulfilled when the defendant uses the mail or wires to convert the money to his own use") (quoting United States v. Sindona, 636 F.2d 792, 802 (2d Cir. 1980))); United States v. Feldman, 647 F.3d 450, 457 (2d Cir. 2011) (affirming sentence where defendant's convictions on "wire fraud counts were based on two wire transfers by the first [victim], two wire transfers by the fourth [victim], and one wire transfer by the fifth [victim], all to [defendant's] bank account"); United States v. Dupre, 462 F.3d 131, 135 (2d Cir. 2006) (affirming convictions for wire fraud where, in response to defendants' fraudulent scheme to solicit funds, "an undercover FBI agent posing as a money manager . . . wire transferred $1,000 to the defendants' bank account"); United States v. Blackmon, 839 F.2d 900, 903 (2d Cir. 1988) (affirming convictions for conspiracy to commit wire fraud where defendants' scheme involved "two wire transfers of money by the victim from Florida to [defendants' bank account in] New York"); United States v. Sparrow, No. 09 CR. 1197 RWS, 2014 WL 4097634, at *1 (S.D.N.Y. Aug. 19, 2014) (wire fraud and conspiracy to commit wire fraud convictions premised on evidence that defendant and his co-conspirators "caused numerous wire transfers, totaling over $15 million, to be transmitted from the investor victims . . . to bank accounts held by [defendant] and his co-conspirators in New York").

It is equally clear that funds transmitted by a victim by wire constitute property of the victim for purposes of the wire fraud statutes. See Feldman, 647 F.3d at 457 (affirming wire fraud conviction where "the five [victims] lost over $300,000" through wire transfers to the defendant's bank account); Blackmon, 839 F.2d at 903 (affirming conspiracy to commit wire fraud conviction where the victim's "own money . . . total[ing] . . . $1,197,000" was transmitted by wire transfer to the defendants' bank account); Dupre v. United States, No. 04 CR 267-01 DLC, 2012 WL 2953970, at *1 (S.D.N.Y. July 20, 2012) (finding that defendants engaged in "a fraudulent scheme . . . to deprive victims of property in the form of money," in violation of the wire fraud statute, where defendants fraudulently induced a wire transfer of funds to defendants' bank account).

## CONCLUSION

For the reasons stated above, Magistrate Judge Fox's Report and Recommendation (Dkt. No. 23) is adopted to the extent it concludes that Petitioner's actual innocence claim provides no basis for granting his petition for a writ of habeas corpus. The petition (Dkt. No. 1) is denied.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is directed to mail a copy of this Order to Robert Ingram, 88753-008, Tucson Satellite Camp, U.S. Penitentiary – Tucson, P.O. Box. 24550, Tucson, Arizona, 85734, and to close this case.

Dated: New York, New York
       May 9, 2016

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge